DRUMM COMMISSION COMPANY v. SIMMS.

Opinon delivered February 1, 1909.

JUDGMENTS—LIEN—REVIVOR.—In order that the lien of a judgment filed in a county other than that in which it was rendered may be preserved against persons who have acquired an interest in or lien on the

debtor's lands subsequent to the original acquisition of the judgment lien, the judgment creditor must procure a revivor of such judgment in time to file a copy thereof in such county before expiration of the original lien.

Appeal from Chicot Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

*William Kirten* and *Ashley Cockrill,* for appellant.

Appellant's judgment lien was superior to that of appellee. There was no *hiatus* as to the lien on the land in Chicot County. Kirby's Digest, § § 4438-9, 4448-9; 45 Ark. 304.

*John G. B. Simms,* for appellee.

The revived judgment must be filed in another county than that in which it is rendered before the original three years expire. Kirby's Digest, § § 763, 4438, 4439.

McCULLOCH, J. The statutes of this State provide that judgments of all the courts of record within the State and of the circuit court of the United States within the State shall be liens on all real estate of the defendant in the county in which they are rendered from the date thereof, and on all lands situated in other counties from the date of filing a certified copy of the judgment in the office of the clerk of the circuit court in the county where the land is situated. Kirby's Digest, § 4438. The next section of the statute reads as follows:

"The liens authorized by the preceding section shall continue in force for three years from the date of the judgment, and may be revived, and a transcript of the judgment of revivor, when filed in other counties, shall have the same and like effect as judgment of revivor has in the county in which it is rendered." Kirby's Digest, § 4439.

Appellant recovered a judgment in the circuit court of Pulaski County against the owner of land in Chicot County, and filed a certified copy of the judgment in the office of the circuit court of Chicot County. Before the expiration of the lien appellant sued out of the Pulaski Circuit Court a writ of *scire facias* to revive the lien, and a judgment of revivor was afterward entered by that court. Appellant did not file in Chicot County a copy of the last-named judgment until more than three years after rendition of the original judgment. Was the lien on Chicot

County lands preserved against persons who had acquired an interest in or lien on the lands subsequent to the original acquisition by appellant of the judgment lien?

We are of the opinion that, according to the plain letter of the statute, appellant lost its lien on the Chicot County lands at the expiration of three years from the rendition of the judgment, and that the lien under the revivor re-attached only when it filed a copy of the judgment of revivor, and let in as superior any liens or interests acquired by other persons prior to that time.

Prior to the enactment in 1891 of the statute just referred to, a judgment was not a lien on land outside of the county where it was rendered. Therefore the force and effect of the lien must be tested solely by the language of that statute, and cannot be extended beyond its express terms.

Some inconvenience may result to a judgment lienor in preserving his lien on lands in another county, but in order to do so he must procure in the court where the original judgment was rendered a judgment of revivor in time to file a copy thereof in other counties where the lien exists before the expiration of the original lien. Otherwise his lien will be lost as against other interested persons claiming under the defendant in judgment.

The statute regulating the practice in reviving judgments, which was passed prior to 1891 and is still in force, provides that if a *scire facias* be sued out before the termination of the lien of any judgment or decree the lien of the judgment revived shall have relation to the day on which the *scire facias* issued. Kirby's Digest, § 4448.

But this does not apply to the lien on lands in other counties, as by the terms of the act of 1891 the revived lien takes effect only when the copy of the revivor is filed in the other county.

Affirmed.